UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENZEL EARLY,

        Plaintiff,                      Case No. 2:25-cv-12321

v.                                         Honorable Susan K. DeClercq
                                                  United States District Judge
CITY OF DETROIT et al.,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINITFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2), DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 1), AND DENYING PLAINTIFF LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On July 28, 2025, Plaintiff Denzel Early filed a complaint against the City of Detroit and several hospitals and healthcare providers (collectively "Defendants"). ECF No. 1. Early alleges that Defendants violated his constitutional rights between 2016 and 2023 when "he was subjected to forced psychiatric medication" and "involuntary psychiatric detentions often involving police transport." *Id.* at PageID.5. Early also attached 192 pages of an "English – Seneca Dictionary" to his complaint. ECF No. 1-2.

Early also filed an application to proceed *in forma pauperis*, averring that he receives only "Armed Forces Disability" and has several other financial obligations which prevent him from paying the filing fee and costs. ECF No. 2 at PageID.205–

06.

But under the Prisoner Litigation Reform Act of 1995 (PLRA), a plaintiff, whether a prisoner or nonprisoner, may not proceed *in forma pauperis*—and must have their case dismissed—if, on three or more previous occasions, a federal court has dismissed their complaints for frivolity, maliciousness, or failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g); *see also Hunt v. Midland/Odessa Urb. Transit Dist.*, No. MO:18-CV-00151-DC, 2018 WL 10036076, at *1 (W.D. Tex. Sept. 27, 2018) ("[T]he *IFP* statute applies to *all* movants, both prisoners and non-prisoners alike." (citing *Haynes v. Scott*, 116 F. 3d 137, 139–40 (5th Cir. 1997))). The statute provides a narrow exception to this "three-strikes rule" only when the plaintiff is "under imminent danger of serious physical injury." *Id.*

Federal courts have dismissed at least three of Early's prior complaints for frivolity, maliciousness, or failure to state a claim. *See Early v. Sieg*, No. 19-CV-11886 (E.D. Mich. July 16, 2019) (dismissing Early's complaint because it failed to state a claim); *Early v. Midland Credit Mgmt.*, No. 19-CV-11907 (July 11, 2019) (same); *Early v. U.S. Dep't. of Educ.*, No. 19-CV-11908 (E.D. Mich. July 2, 2019) (same); *Early v. Abramo*, No. 19-CV-11976 (E.D. Mich. July 10, 2019) (same); *Early v. Hasan*, No. 19-CV-11977 (E.D. Mich. July 16, 2019) (same); *Early v. Stonecrest*, No. 2-MC-50019 (E.D. Mich. June 3, 2025) (same); *Early v. Porter*, No.

- 3 -

25-CV-12319 (E.D. Mich. July 30, 2025) (same). And Early has not alleged any facts that would establish that he is in imminent danger of serious physical injury. Indeed, Early alleges injuries that occurred "between 2016 and 2023" related to psychiatric treatment and detention. ECF No. 1 at PageID.5. Thus, Early's Complaint, ECF No. 1, will be dismissed. *See* 28 U.S.C. § 1915(g). And because this Court concludes an appeal would not be taken in good faith, Early will be denied leave to proceed *in forma pauperis* on appeal. 28 U.S.C. § 1915(a)(3).

Accordingly, it is **ORDERED** that:

1. Plaintiff's Application to Proceed *In Forma Pauperis*, ECF No. 2, is **DENIED**;

2. Plaintiff's Complaint, ECF No. 1, is **DISMISSED**; and

3. Plaintiff is **DENIED** leave to proceed *in forma pauperis* on appeal.

**This is a final order and closes the above-captioned case.**

/s/*Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 31, 2025