UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENZEL EARLY,

        Plaintiff,

v.

CITY OF DETROIT, et al.,

        Defendants.

_____/

Case No. 2:25-cv-12321

Honorable Susan K. DeClercq
United States District Judge

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF No. 7) AND DENYING AS MOOT PLAINTIFF'S MOTION TO DISMISS (ECF No. 11)

In this closed case, Plaintiff Denzel Early attempts to reassert claims in his original complaint and bring new ones. His latest filings include a motion for a preliminary injunction (PI) and a "motion to dismiss." But because this case is closed, Early cannot bring these motions. And even construed liberally, the motions fail on the merits. Therefore, this Court will deny both motions.

## I. BACKGROUND

On July 28, 2025, Plaintiff Denzel Early sued the City of Detroit and several hospitals and healthcare providers: Hegira Outpatient Clinic ("Hegira"), Henry Ford Hospital, Henry Ford Health System ("Henry Ford Health"), Stonecrest Behavioral Center ("Stonecrest"), Kingswood Behavioral Center ("Kingswood Center"), Kingswood Hospital, and "John Doe Officers/Medical Staff." ECF No. 1. He alleged

that between 2016 and 2023, Defendants violated his constitutional rights when "he was subjected to forced psychiatric medication" and "involuntary psychiatric detentions often involving police transport." ECF No. 1 at PageID.5.

Specifically, he alleged that "Hegira administered Haldol injections monthly, resulting in adverse effects. Henry Ford Health and Detroit Police coordinated involuntary detentions. Kingswood injected Plaintiff with a paralyzing drug during a racially charged confrontation." ECF No. 1-1 at PageID.11. Based on these allegations, he brought the following claims: violation of 42 U.S.C. § 1983 (Count I), violation of the Fourteenth Amendment's due process clause (Count II), "unlawful medical treatment without consent" (Count III), "excessive force/chemical restraint" under the Eighth Amendment (Count IV), racial discrimination and retaliation (Count V), and violation of the Americans with Disabilities Act (Count VI). *Id.* at PageID.11–12. In support, Early attached a 192-page "English—Seneca Dictionary." ECF No. 1-2. Early also filed an application to proceed *in forma pauperis*. ECF No. 2.

On July 31, 2025, this Court dismissed Early's complaint under 28 U.S.C. § 1915(g), thereby closing the case. ECF No. 5. But the following month, Early filed a motion for a preliminary injunction, naming additional defendants, "including but not limited to Honorable Susan K. DeClercq" in official and individual capacities, a patient advocate named Chris, case manager Jessica Lamb, former Mayor Mike

Duggan, and senior psychiatrist P.G. Vijayakumaran. ECF No. 7 at PageID.213. He alleges that "Hegira and/or affiliated parties were making a claim in probate court to declare [him] 'unsound' and place [him] back under county services, which would unlawfully strip [him] of [his] rights and autonomy again." *Id.*

Early further alleges that he is facing imminent threat of an "[u]nlawful seizure from [his] home by police force[;] [f]orced re-institutionalization or guardianship[; and l]oss of [his] property, tribal government rights, and ability to sustain [his] livelihood." *Id.* He articulates three counts upon which he argues that he should receive—among other things—preliminary injunctive relief: First Amendment retaliation for filing various requests to a grant specialist and Hegira (Count I), violation of his due process and equal protection rights under the Fourteenth Amendment (Count II), and violation of 42 U.S.C. § 1983. *Id.* at PageID.215. Also included in his motion is a document titled "living will and advance medical directive" in which Early invokes "Moorish Aboriginal Indigenous" sovereignty to communicate his "wishes regarding healthcare and life-sustaining treatment in the event [he] is unable to communicate due to terminal illness, injury, or incapacitation." *Id.* at PageID.217.

Early later filed two miscellaneous documents, one of which appears to be a letter conveying his concerns about recent changes to reproductive and mental health rights in the United States. ECF No. 8. The other appears to be a transcript of a phone

conversation between Early and Defendant Lamb in which Lamb expresses concern about Early's mental healthcare treatment. ECF No. 9. Early also attached an amended complaint with the same six counts and allegations in his original complaint, but with additional statements about a law firm and political figures. *See* ECF No. 10.

Then on September 22, 2025, Early filed a "motion to dismiss" in which he seeks to dismiss "a petition for assisted outpatient treatment" that was allegedly filed in Wayne County Probate Court before Judge David Braxton. ECF No. 11 at PageID.254. Early reiterates claims of imminent danger and alleges he will be forcibly removed from his home. *Id.* at PageID.255. He raises several grounds for "dismissal" of the "Kevin's Law" petition allegedly filed in state court, including "procedural deficiencies"; constitutional violations—including the First Amendment; "prior adjudications" in which the probate court case was resolved already; and "cultural sovereignty and propaganda concerns" in which he reiterates incoherent claims to Indigenous sovereignty. *Id.* at PageID.255–56. He also lists the City of Westland and Judge Braxton as other Defendants. *Id.* at PageID.254. Amidst other attachments, Early includes a "motion to proceed in forma pauperis." ECF No. 11 at PageID.260–61.

## II. PRELIMINARY INJUNCTION

First and foremost, Early's case is closed, meaning he cannot seek a PI in this matter. *See Nat'l Civic Comm. v. Mich. Dep't of Corr.*, No. 90-13976, 2010 WL 3952236, at *1 (E.D. Mich. Oct. 8, 2010) (denying the plaintiff's motion for a PI because it was moot after the case was already closed from being dismissed under § 1915(g)). His motion also does not comply with the procedural requirements for PIs under the Local Rules. *See* E.D. Mich. LR 65.1.

But even on the merits, Early's claims are insufficient because he has not shown imminent threat of irreparable harm. *See CLT Logistics v. River West Brands*, 777 F. Supp. 2d 1052, 1064 (E.D. Mich. 2011) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20–21 (2008)) (finding that failing to establish irreparable harm was fatal to the plaintiff's claim such that the court did not need to address all PI factors). "Temporary restraining orders and preliminary injunctions are extraordinary remedies" that should be granted only if the movant demonstrates that the circumstances "clearly demand" it. *Koetje v. Norton*, No. 13-12739, 2013 WL 8475802, at *2 (E.D. Mich. Oct. 23, 2013); *see also Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To determine whether to issue a TRO or a PI, courts consider the same four factors:

> (1) the movant's likelihood of success on the merits,
> (2) any irreparable injury to the movant without the injunction,
> (3) whether the balance of hardships favors the movant, and
> (4) whether an injunction would be adverse to the public interest.

*Muffler Man Supply Co. v. TSE Auto Serv., Inc.*, 739 F.3d 598, 602 (E.D. Mich.

2024) (citing *Overstreet*, 305 F.3 at 573).

Here, Early essentially contends that he faces imminent threat of irreparable harm by being involuntarily committed for medical treatment. *Id.* Although this Court is sympathetic, Early's motion merely states that Hegira "had a meeting with its Board of Directors and was *considering* removing [him] from [his] home by police force." ECF No. 7 at PageID.214 (emphasis added). His allegations about being removed and involuntarily committed are speculative, unspecified possibilities, not actions set for concrete dates. *See id.* Thus, even on the merits, Early is not entitled to injunctive relief. *See CLT Logistics*, 777 F. Supp. 2d at 1064.

### III. "MOTION TO DISMISS"

As for Early's "motion to dismiss," again, he cannot bring this in a closed case. *See Nat'l Civic Comm.*, 2010 WL 3952236, at *1. He also cannot bring multiple motions—including his amended complaint and application to proceed *in forma pauperis*—in a single filing. *See* E.D. Mich LR 5.1(e) ("Motions must not be combined with any other stand-alone document."); *see also* E.D. Mich. LR 7.1(i).

Even addressing the substance of Early's motion—construed liberally as he is moving *pro se*—Early appears to be either (1) attempting to bring a new or amended complaint; or (2) asking this Court to dismiss a case or filing in a probate court matter. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that *pro se* filings are liberally construed and beholden to "less stringent standards" than those prepared

by attorneys). In either scenario, this Court cannot grant this relief.

First, to the extent that Early aims to file a new or amended complaint, he cannot do so on a closed case docket. *See Nat'l Civic Comm.*, 2010 WL 3952236, at *1. Second, Early's "motion to dismiss petition for assisted outpatient treatment" both seeks dismissal of "any enforcement actions or petitions sought pursuant to Michigan's 'Kevin's Law'" and alleges that there is "[n]o valid petition [] pending" in a probate court matter where the case "and related proceedings have already been resolved." ECF No. 11 at PageID.254–55. Construing these contradictory allegations as meaning that there is no pending petition, then there is nothing to dismiss. Construing the allegations as stating that the probate court reached a final judgment on a petition to involuntarily commit Early, federal courts cannot address direct appeals or collateral attacks on final state court judgments under the *Rooker-Feldman* doctrine. *See Raymond v. Moyer*, 501 F.3d 548, 550–51 (6th Cir. 2007) (holding that federal district courts lack subject-matter jurisdiction under *Rooker-Feldman* to review state-court judgments in cases brought by the unsuccessful state-court party). Thus, under either construal, Early's motion is not actionable. *See id.*

Finally, even if this Court were to treat Early's filings as a motion for reconsideration,[1] his case would still be dismissed. Indeed, reconsidering Early's

---

[1] Under Civil Rule 60(b)(1), the court may relieve a party from a final judgment where "the judge has made a substantive mistake of law or fact." FED. R. CIV. P.

application to proceed *in forma pauperis* and his initial complaint, this Court finds that his application supports his claim of poverty. *See Young v. Nessel*, No. 20-12707, 2021 WL 5713678, at *1 (E.D. Mich. Apr. 16, 2021). But Early's initial complaint still fails to state a claim upon which relief can be granted, so it would still be dismissed under 28 U.S.C. § 1915(e)(2)(B). Specifically, Early's claims alleging various constitutional and civil rights violations are subject to 42 U.S.C. § 1983, which requires the defendant perpetrators to be state actors. *See Aarti Hosp., LLC v. City of Grove City, Ohio*, 350 F. App'x 1, 11 (6th Cir. 2009). But here, Early names

---

60(b)(1); *see Kemp v. United States*, 596 U.S. 528, 533–34 (2022) (holding that judicial mistakes need not be "obvious" and include judicial errors of law). Although Early does not move for reconsideration nor make any allegations of mistakes, this Court acknowledges that denying Early's application and initial complaint under the three-strikes rule was a mistake of law since Early was not a prisoner. *See* 28 U.S.C. § 1915(g); *see also Cohen v. Corr. Corp. of Am.*, 439 F. App'x 489, 491–92 (6th Cir. 2011) (holding that the plaintiff was a prisoner at the time he filed his complaint such that § 1915(g) applied even though he was no longer a prisoner); *Clervrain v. Schuette*, No. 20-13446, 2021 WL 9455356, at *2–3 (E.D. Mich. Apr. 22, 2021) (finding that "reliance of section 1915(g) is misplaced because [the] plaintiff was not a prisoner when he filed this lawsuit"); *Jones v. Horsley*, No. 1:18-cv-298, 2018 WL 10705073, at *1 (E.D. Mich. Dec. 4, 2018) (clarifying that § 1915(g) applies to prisoners, which does not include immigrant detainees). But because Early's complaint still failed to state a claim and is dismissible under § 1915(e)(2)(B)(ii), this was a harmless error rather than a "substantive mistake." FED. R. CIV. P. 61 (stating that no error is ground for "disturbing a judgment or order…[where the error does] not affect any party's substantial rights"); *see also Traster v. Ohio N. Univ.*, 685 F. App'x 405, 406 (6th Cir. 2017) (affirming the district court's denial of a motion for reconsideration because "whatever error there was, being harmless, does not justify reversal"). Therefore, this Court will not reopen Early's case. *See McKenzie v. Comm'r of Soc. Sec.*, No. 13-CV-11272, 2014 WL 4793884, at *5 (E.D. Mich. Sept. 25, 2014) (finding any error was harmless and did not justify reopening the closed case).

medical facilities, which are private parties, not "persons" subject to § 1983. *See Crowder v. Conlan*, 740 F.2d 447, 449 (6th Cir. 1984) (holding that there was no state action under § 1983 because the hospital and staff were not state actors even despite connections with the state government). As for Defendant City of Detroit, Earl makes no allegations of unconstitutional policies that could potentially hold the city liable under § 1983. *See Monell v. Dep't of Soc. Servs. of city of N.Y.*, 436 U.S. 658, 690 (1978) (holding that a municipality can be a "person" liable under § 1983 only for "official policies" that cause employees to violate another's constitutional rights."). Accordingly, this Court finds that Early's complaint fails to state a claim and is subject to dismissal under § 1915(g).

In sum, there is no actionable merit to Early's motions and he cannot bring them in his closed case, so the motion for a PI will be denied and the "motion to dismiss" will be denied as moot. *See Nat'l Civic Comm.*, 2010 WL 3952236, at *1; *see also Dillard v. Wayne Co. Dist. & Cir. Ct.*, No. 2:14-CV-10198, 2020 WL 1814075, at *1 (E.D. Mich. Apr. 9, 2020) (finding that "[t]his case is closed [and no] further pleadings should be filed in this matter").

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Preliminary Injunction, ECF No. 7, is **DENIED.**

It is further **ORDERED** that Plaintiff's Motion to Dismiss, ECF No. 11, is

**DENIED AS MOOT.**

    **IT IS SO ORDERED.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: February 24, 2026